Supreme Court
No. 2017-368-Appeal.
(NC 17-240)

| | |
|---|---|
| Bruce Pollak | : |
| v. | : |
| 217 Indian Avenue, LLC, et al. | : |

**O R D E R**

This matter came before the Supreme Court on December 4, 2018, pursuant to an order directing the parties to appear and show cause why the issues raised should not be summarily decided. After considering the parties' arguments set forth in their memoranda and at oral argument, we are convinced that cause has been shown. Thus, it is our opinion that further argument and briefing will be required to decide this matter.

The plaintiff, Bruce Pollak (Pollak or plaintiff), appeals from a Newport County Superior Court hearing justice's entry of summary judgment in favor of the defendants, 217 Indian Avenue, LLC, James Moore, and Jane Moore (defendants), and his denial of plaintiff's motion for summary judgment. The pertinent facts are as follows.

On December 18, 2015, defendants purchased residential property at 217 Indian Avenue, Portsmouth, Rhode Island, which immediately abuts plaintiff's property. Both lots were created in 1960 subject to the same subdivision plan, which included certain restrictive covenants (the restrictive covenants or the restrictions). One of the restrictions provides: "No building or buildings shall be erected, placed or altered on any lot until construction plans and specifications, and the plans showing the location of the structure have been approved in writing by a committee * * *."

- 1 -

Throughout January and February 2017, defendants demolished a one-story home on their property and began new construction. In the beginning of April 2017, plaintiff discovered that defendants were building what he categorized as a "three-story structure." The plaintiff contacted defendants via email on April 10, 2017, complaining that defendants' construction violated the restrictions because defendants failed to obtain the approval required by the restrictive covenants. On April 13, 2017, plaintiff, through counsel, demanded that defendants cease and desist all construction. The defendants responded, arguing that the restrictive covenants were void, and they requested a conference with plaintiff before plaintiff filed suit. Nevertheless, defendants continued construction.

Thereafter, in June 2017, plaintiff filed an action in Newport County Superior Court seeking "a temporary restraining order, preliminary injunction, permanent injunction, damages and other relief in connection with his claims for violation of restrictive covenants and breach of the duty of quiet enjoyment, arising out of [d]efendants' wrongful construction of a multi-story structure[.]"

After plaintiff commenced suit, defendants, on June 15 and 16, 2017, secured the approval for the already-commenced construction on their property from the owners of eight of the nine subdivision lots, plaintiff being the sole exception. The defendants then presented plaintiff with the approval, pursuant to the requirements of the restrictive covenants.

On July 6, 2017, defendants moved for summary judgment pursuant to Rule 56 of the Superior Court Rules of Civil Procedure, arguing that the procedural approval requirement of the restrictive covenants, which plaintiff had alleged defendants breached, were satisfied and therefore plaintiff's claim was accordingly moot. The defendants emphasized that the remedy

plaintiff sought would only be temporary, as defendants had already obtained approval from a majority of the other lot owners, and defendants could therefore rebuild the same structure again.

The plaintiff objected to defendants' motion for summary judgment and filed a cross-motion for summary judgment. The plaintiff argued that defendants clearly violated the restrictive covenants in failing to get approval before they began construction, and further averred that the restrictive covenants do not allow for retroactive approval. Furthermore, plaintiff urged the Superior Court to adopt, for the first time, the Restatement (Third) of Property: *Servitudes* §§ 6:10 and 6:13, which address, respectively, committee members' power to amend restrictions and whether the committee owed plaintiff a duty of good faith and fair dealing.

On September 5, 2017, the hearing justice heard the parties' arguments on their cross-motions for summary judgment and issued a bench decision.[1] The hearing justice concluded, "it would be absurd to grant injunctive relief in this case to disassemble a house only to have [defendants] reconstruct it after [they] already received approval." He reasoned that the restrictions, when read as a whole, "appear to deal with a fluid process where approval may be gained in the middle of construction." The hearing justice explained that the restrictions do not contain language that would prohibit approval at any time from the beginning of construction through its completion, and he accordingly granted defendants' motion for summary judgment and denied plaintiff's motion for summary judgment. Judgment entered in favor of defendants; and, on October 12, 2017, plaintiff filed his timely notice of appeal to this Court.

---

[1] Along with their motion for summary judgment, which is now before this Court, defendants also filed a motion to dismiss James and Jane Moore as defendants. In granting defendants' motion for summary judgment, the trial justice declared defendants' motion to dismiss moot.

After hearing arguments in this case, we deem it prudent to return the case to the regular calendar for full briefing and argument. In doing so, we specifically direct the parties to brief the issue of whether there exists an express or implied right to obtain retroactive approval of construction plans and design specifications. The parties should address this issue among such other issues that they consider appropriate to decide the appeal before this Court.

Entered as an Order of this Court this 7th day of January, 2019.

By Order,

_____/s/_____

Clerk

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## ORDER COVER SHEET

| | | |
|---|---|---|
| **Title of Case** | Bruce Pollak v. 217 Indian Avenue, LLC, et al. | |
| **Case Number** | No. 2017-368-Appeal. <br> (NC 17-240) | |
| **Date Order Filed** | January 7, 2019 | |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. | |
| **Source of Appeal** | Newport County Superior Court | |
| **Judicial Officer From Lower Court** | Associate Justice Brian Van Couyghen | |
| **Attorney(s) on Appeal** | For Plaintiff: <br><br> Thomas Connolly, Esq. | |
| | For Defendants: <br><br> Stephen J. MacGillivray, Esq. | |